[Civ. No. 5520.   Fourth Dist.   Dec. 21, 1956.]

PEARL E. MURRAY, Respondent, v. KENNETH C. LURE et al., Appellants.

Simon, Brown & Arnold and Simon & Brown for Appellants.

Leonard A. Bock for Respondent.

BARNARD, P. J.—This is an action for specific performance. The plaintiff was engaged in the business of selling house trailers, in which she was assisted by her husband. On January 17, 1955, the defendants bought a trailer from her. This trailer had been priced for sale at $2,995, and the defendants offered to buy the trailer by deeding a vacant lot in "Rancho Mirage" to the plaintiff as a down payment, and by paying a balance of $1,600 in monthly installments. On that day the parties signed a conditional sales contract in the usual form, and the defendants also, in writing, authorized the procuring of insurance on the trailer. This contract fully described the trailer and recited the cash price as $2,395, sales tax $71.85, D.M.V. fees $24, making a total cash price

of $2,490.85. It also listed the down payment as $890.85, and the unpaid balance as $1,600, with insurance $181.50, making a total unpaid balance of $1,781.50. The time price differential was then stated to be $535.10, and the contract balance $2,316.60. It then provided that the balance should be paid in 36 equal monthly installments beginning on March 1, 1955. On the same day, January 17, an escrow was started at a bank and the defendants signed escrow instructions in which they agreed to put into escrow any papers necessary to vest title to the described lot in the plaintiff within thirty days. The defendants were given a copy of the contract and they took and retained possession of the trailer. They continued to pay the installments on the contract, which the plaintiff had assigned to a bank, but notified the escrow holder not to deliver the deed and refused to convey the real property to the plaintiff. There was also other evidence that the trailer was worth $2,995 at the time of the sale, that the lot was then worth $1,500, and that the value of lots in that area had increased at the time of the trial.

The complaint in this action alleged, among other things, the written agreement to sell and buy this trailer for the total of $2,490.85; that the defendants agreed to transfer this lot to the plaintiff in part payment of said purchase price; the opening of the escrow for that purpose; that the value of the lot was $890.85; that the contract of sale was fair and reasonable to defendants; that the plaintiff has fully performed; and that the defendants have refused to permit the closing of the escrow so that the deed covering this lot might be recorded. The answer of the defendants admitted that they had agreed to purchase this trailer from the plaintiff on January 17, and denied most of the other allegations of the complaint. As affirmative defenses they alleged that this lot is now and at the time of the sale was reasonably worth $2,000, and it would be unjust and inequitable to compel them to convey it to the plaintiff for a consideration of $890.85; that at the time of entering into the contract the plaintiff had falsely represented to the defendants that the trailer was worth $2,995 when in fact its value was not in excess of $1,800; and that the defendants did not realize that plaintiff had inserted the figure $2,395 in the contract as the purchase price, and did not become aware of such fact until they were served with the complaint herein. The court found in all respects in favor of the plaintiff, finding that the material allega-

tions of the complaint were true and the material allegations of the answer, including the affirmative defenses, were not true. It was also found that the defendants accepted the trailer and occupied it until about November 1, 1955; that the reasonable value of the lot was $890.85 at the time in question; that the written contract was fair, just and equitable; that the value of the trailer at the time of the sale was $2,995; that at no time was a rescission effected; and that the conditional sales contract and the escrow agreement were both legal in all respects, fair and reasonable to all parties concerned, and a proper subject for specific performance. A judgment was entered ordering the defendants to specifically perform the contract and to complete the escrow. The defendants have appealed from that judgment.

The appellants' sole contention is that the conditional sales contract is unenforceable because it did not comply with section 2982 of the Civil Code. It is argued that the amounts stated in the contract, as required by section 2982, are all fictitious except for the cost of the insurance and the fees of the Department of Motor Vehicles; that the amount of the cash price of the trailer and the amount of the down payment were fabrications; that the sales tax was computed on an imaginary sales price; that the amount stated to be unpaid on the cash price was the difference between the imaginary cash price and the imaginary down payment; that the time price differential was necessarily computed on an imaginary unpaid balance; and that this time price differential was thus usurious.

The findings of the court are sufficiently sustained by the evidence. Disregarding any conflicts in the evidence with respect to the preliminary negotiations, it appears that the appellants offered to buy this trailer by giving this lot as a down payment and agreeing to pay an additional $1,600 to be paid on monthly installments. Before this offer was accepted, the respondent's husband looked at the lot and observed that adjoining lots had signs on them pricing those lots at $1,000 each. The parties seemed to have been not too particular about fixing the exact price for the lot, or for the trailer, in advance of entering into the written contract. In any event, the respondent's husband prepared the conditional sales contract, which the appellants agreed to and signed. He inserted the figures therein, making the cash price of the trailer $2,395 which, with the other charges listed, resulted in the balance of $1,600 which was agreed upon. The appel-

lants read the contract before signing, agreed to the terms, and were given a copy thereof. They took the trailer, occupied it as a home, and made the payments on the contract for some eight or nine months. During that interval, they decided that the lot they had agreed to convey was worth more than the price agreed upon at the time the contract was entered into, and refused to permit the escrow to be closed. The statements set forth in the conditional sales contract complied with the requirements of section 2982 of the Civil Code, and the amounts stated therein are those agreed upon by the parties at the time the contract was entered into and signed. Whether or not the exact figures to be used were agreed upon in the preliminary negotiations they were finally agreed upon when the contract was signed, and anything said in the preliminary negotiations must be considered as having been merged in the written contract, which governs. The result is that no usurious charge appears, and the record fully supports the court's findings and judgment insofar as any contention raised on this appeal is concerned.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 13, 1957.